DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

C.M.B.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-0091

_____

March 14, 2025

Appeal from the Circuit Court for Pasco County; Lauralee G. Westine, Judge.

Blair Allen, Public Defender, and Lisa B. Lott, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Allison C. Heim, Assistant Attorney General, Tampa, for Appellee.

PER CURIAM.

C.M.B. is a child in dependency proceedings. The dependency court issued an order setting out rules for C.M.B. to follow, which included following all placement rules, attending school every day, being respectful to all persons, and cooperating with doctor appointments. The order warned that failure to comply would result in an order to show cause why C.M.B. should not be held in contempt.

Throughout the course of the proceedings, the court issued multiple orders to show cause accusing C.M.B. of violating the rules set forth by the court. But those orders to show cause were not supported by affidavits. Following a hearing on the latest order to show cause, the court found C.M.B. in indirect criminal contempt and ordered C.M.B. to be placed in secure detention. C.M.B. timely appealed.

C.M.B. maintains the indirect criminal contempt judgment must be reversed because the orders to show cause were not supported by affidavits of an individual or individuals with personal knowledge of the facts. The State properly concedes error.

Florida Rule of Juvenile Procedure 8.150(c)(2) provides in pertinent part:

> *Order to Show Cause.* On affidavit of any person having personal knowledge of the facts, the court may issue and sign an order to show cause. The order must state the essential facts constituting the contempt charged and require the child to appear before the court to show cause why the child should not be held in contempt of court.

We have recently held a trial court fundamentally errs by failing to strictly comply with the procedure set forth in rule 8.150(c)(2). *A.N.W. v. State*, 386 So. 3d 621, 622–23 (Fla. 2d DCA 2024). Accordingly, we reverse the indirect criminal contempt judgment and remand for further proceedings.

VILLANTI, KHOUZAM, and ROTHSTEIN-YOUAKIM, JJ., Concur.

————————————————————

Opinion subject to revision prior to official publication.

2